Nos. 25-3347, 25-3348, 25-3349, 25-3350, 25-3363, 25-3453 to 25-3494, 25-3563, 25-3564

─────────────────────────────

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

─────────────────────────────

CRYSTALLEX INTERNATIONAL CORPORATION,

*Plaintiff-Appellee,*

v.

BOLIVARIAN REPUBLIC OF VENEZUELA, ET AL.,

*Defendants-Appellants.*

─────────────────────────────

Appeals From The United States District Court
For The District of Delaware
No. 1:17-mc-151-LPS, Judge Leonard P. Stark (sitting by designation)

─────────────────────────────

## OPPOSITION TO MOTION FOR 60-DAY CONTINUANCE OF ORAL ARGUMENT

─────────────────────────────

Robert L. Weigel
Rahim Moloo
Jason W. Myatt
Zachary Kady
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

Raymond J. DiCamillo
Jeffrey L. Moyer
Travis S. Hunter
RICHARDS, LAYTON & FINGER, P.A.
1 Rodney Square 920 N. King St.
Wilmington, DE 19801
(302) 651-7700

Miguel A. Estrada
  *Counsel of Record*
Lucas C. Townsend
Brian C. McCarty
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
(202) 955-8500

Patrick J. Fuster
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

*Counsel for Plaintiff-Appellee Crystallex International Corp.*

**INTRODUCTION**

Venezuela's motion to continue oral argument confirms Crystallex's prediction that the Venezuela Parties' failure to directly confirm their counsel's authority to represent them was strategic, and that Venezuela would wait as long as possible before "claim[ing] that it wishes to change counsel and needs more time to present its position." Dkt. 252-1, at 5. It was not a difficult prediction to make. This is at least the twenty-third attempt by Venezuela to stay or continue these proceedings, which Venezuela now hopes to delay until at least October 2026, nearly a year after the district court's November 2025 order approving the sale of PDVH. Like its predecessors, Venezuela's latest motion is meritless.

It is difficult to conceive of a good-faith basis for Venezuela's motion. In December 2025, this Court ordered that "[t]hese appeals are EXPEDITED." Dkt. 111, at 3. Venezuela has known of the oral argument date since March 11, 2026. Dkt. 238. And just three hours before Venezuela filed its motion, this Court reaffirmed that "[t]he parties are advised that the case will remain scheduled for argument on August 10, 2026." Dkt. 256. Yet, despite all of this—and even after being exposed for its tactical delay in changing counsel—Venezuela incredibly

1

cites its own decision to change counsel and strategic silence about that change as a justification for further delay. No delay is warranted. There is no doubt that Venezuela is up to speed on the issues in this case and could have replaced its counsel sooner. And Venezuela's new counsel still has two months to prepare for the oral argument. This is more than enough time.

At the same time, Venezuela ignores the clear prejudice to creditors if its request for delay prevents the sale from closing before the outside date of March 2027. JA8695-8696. Venezuela also ignores that any alleged burden caused by its delayed decision to change counsel is mitigated by the continuity of representation at CITGO Petroleum and PDV Holding, which have been represented by counsel in these appeals "since 1988 through a variety of governments in Venezuela." Dkt. 260. And, for good measure, Venezuela purports to speak for the United States in claiming that a delay is consistent with the government's interests. But it is not for Venezuela to assert the United States' interests, particularly where the United States has thus far declined this Court's invitation to "express[] its views and interests" following the change in Venezuelan government. Dkts. 111, 153. Venezuela's motion for a

2

continuance is transparently pretextual, and falls far short of demonstrating "good cause" required to justify a continuance of argument, L.A.R. 34.2, especially considering its litigation history in these long-running judgment-enforcement proceedings. Venezuela's motion should be denied.

## ARGUMENT

Underscoring the pretextual nature of its request, Venezuela's motion is a virtual carbon copy of its 2019 attempt to delay oral argument before this Court following the United States' recognition of the National Assembly government, when Venezuela urged that a 120-day stay was "necessary to allow the newly installed government . . . sufficient time to evaluate its position." Motion for Leave to Intervene and to Stay Proceedings at 1, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 18-2797 (3d Cir. Mar. 1, 2019). This Court rightly rejected that request and issued an order allowing the new government to appear at argument (scheduled on April 15, 2019, only 25 calendar days after this Court's order) and to file a non-duplicative brief if it wished. Order, *Crystallex*, No. 18-2797 (3d Cir. Mar. 20, 2019). And Venezuela did so without any difficulty or prejudice. This should be the most that

Venezuela is entitled to in these appeals given its obstructionist history because, as addressed below, Venezuela falls far short of demonstrating "good cause" required to justify its latest attempt at delay. L.A.R. 34.2.

*First*, the Rodríguez government's decision to dismiss experienced counsel—one of the Nation's foremost appellate lawyers and a former Solicitor General of the United States—in the middle of highly publicized appellate proceedings is a problem of its own making. When it serves the Venezuela Parties' interests, they are content to work through counsel hired by the National Assembly government and allow appeals to proceed as scheduled. *See generally, e.g.*, *Petróleos de Venezuela, S.A. v. MUFG Union Bank, N.A.*, No. 25-2652 (2d Cir.) (no removal of counsel despite oral argument on May 14, 2026). In other cases, Venezuela swiftly dismissed its attorneys and instructed counsel to inform the courts that it was appointing new representatives within *days* of the United States' recognition of Acting President Rodríguez. *See, e.g.*, Motion to Withdraw as Attorney, *Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-00129-RC (D.D.C. May 8, 2026); *see also* Dkt. 252, at 2-3 & n.2. Venezuela consciously chose to take a different approach here. Sitting on one's hands to manufacture

conditions that are then exploited to justify delay is not "good cause"; it is strategic gamesmanship, and a lack of candor to the Court. It should be rejected accordingly.

*Second*, the Rodríguez government cannot credibly claim that it is unfamiliar with this case. Acting President Rodríguez served as vice president of Venezuela from 2018 to 2026 and has served as Venezuela's minister of petroleum during the pendency of this case as well. *See* Daniel Arkin, *Who is Delcy Rodríguez, Venezuela's interim leader after the capture of Nicolás Maduro?*, NAT'L BROAD. CORP. (Jan. 5, 2026), https://tinyurl.com/46cmf9m5. Attorney General Arianny Viviana Seijo Noguera most recently served as chief legal counsel of PDVSA until her appointment as attorney general in March 2026. Matias Sebastian Lopez, *Venezuela Names PDVSA Lawyer as Top Legal Officer*, THE RIO TIMES (Mar. 25, 2026), https://tinyurl.com/2ub9juna. Indeed, Acting President Rodríguez has followed these proceedings over the years, publicly criticizing the district court's sale process as a "theft" of the purported "crown jewel" of Venezuela's oil industry. *E.g.*, Appellants' Opening Br. 7; *see* Andreína Chávez Alava, *Venezuela Denounces 'Theft of the Century' as US Endorses CITGO Sale*, VENEZUELANALYSIS (May 5,

2023), https://tinyurl.com/45s6eu6p. On this issue, at least, the previously recognized government and Acting President Rodríguez are in violent agreement. And as the heirs of the very governments that committed the depredations for which Crystallex and other judgment creditors seek long-overdue compensation, the Rodríguez government is especially poorly situated to claim any injustice from our courts enforcing the judgments they have long defied.

Indeed, Acting President Rodríguez's denunciations of the district court's sale process and Noguera's role as chief counsel for PDVSA belie any suggestion that Venezuela requires an ***additional 60 days*** "to review the arguments and decide whether to pursue all of them." Dkt. 257, at 1. Regardless, even if this Court were to credit the notion that counsel requires time to understand this case, ***there are still eight weeks remaining before the August 10 argument ordered by this Court on March 11***. That is far more notice than many appellants— including Venezuela—often receive before oral argument in this Court. *See, e.g.*, Order, *OI Eur. Grp. v. Bolivarian Republic of Venezuela*, No. 23-1647 (3d Cir. May 10, 2023) (scheduling full merits briefing and argument within 30 days of order and less than 60 days after appeal itself

was filed).  This is why Crystallex raised the issue when it did—to forestall Venezuela's by now predictable delay tactics.

PDVSA's June 12 dismissal of its counsel is also no reason to delay oral argument.  Dkt. 261.  PDVSA is Venezuela's alter ego in this case, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126, 151-52 (3d Cir. 2019); the law of this case is therefore that PDVSA has no separate legal personality in these proceedings.  Thus, if PDVSA does not appear in this Court through separate counsel, it will necessarily be represented by Venezuela's newly appointed counsel.  And to further "ensure a smooth transition," Venezuela has asked its former counsel to cooperate with its new counsel in these proceedings.  Dkt. 255, ¶ 6. Venezuela's former counsel presumably will assist incoming counsel as necessary to comply with this request.  Moreover, counsel for the Republic will be assisted over the coming eight weeks by counsel for CITGO and PDVH, who worked with Venezuela to file joint briefs in these appeals and in the district court below.  Appellants' Opening Br. 76; *e.g.*, *Crystallex* Dkt. 2540, at 21-22.  Should Venezuela change course and direct PDVH and CITGO to dismiss *their* highly experienced counsel—who has represented PDVH and CITGO under various

governments since 1988, *see* Dkt. 260—Venezuela must bear responsibility for that decision rather than rely on it as another manufactured justification to delay oral argument. In any event, there can be little doubt that Venezuela's new attorneys are capable of preparing for their portion of argument before August 10.

*Third*, Venezuela ignores the serious prejudice that its proposed continuance would inflict on the creditors and the successful bidder in these appeals. The government that Acting President Rodríguez now leads began nationalizing Crystallex's assets in 2008, culminating in their seizure by force in 2011. *See Crystallex*, 932 F.3d at 133. In the intervening 15 years, Venezuela has enjoyed the use of Crystallex's assets while steadfastly refusing to compensate Crystallex for their unlawful taking. Crystallex and other judgment creditors have waited nearly ten years to be made whole through proceeds from the judicial sale of the PDVH shares ordered by the district court. That years-long sale process—marked by scorched-earth opposition by Venezuela and its instrumentalities—culminated in a buyer and a sale agreement predicated on closing by March 2027. JA8694-8696. Venezuela's persistent attempts to delay these proceedings threaten to push the sale

past this outside date, risking termination of the sale agreement and a relaunch of the sale process. No one doubts that is Venezuela's ultimate goal in this appeal, but such an outcome would render years of tireless work by the district court futile and force Crystallex—which obtained its judgment in U.S. court nearly *ten years ago*—to wait years more to be made whole.

*Fourth*, Venezuela's argument that it requires time to consider whether to abandon certain arguments asserted by prior counsel is especially unpersuasive. While it would help to reduce the burden on this Court and the appellees if Venezuela did so before August 10, the Republic remains free at any time to abandon the arguments asserted through its impeccably credentialed and extremely capable prior counsel.

*Fifth*, Venezuela's request for months of delay cannot be reconciled with the admission that 30 days is sufficient to confirm whether it will "take any substantive positions that differ from those in its current briefs." Dkt. 257, at 3. If anything, 30 days is excessive, as confirmed by this Court's grant of 14 days to take similar actions when the United States recognized the 2015 National Assembly Government in 2019. Order, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 18-

2797 (Mar. 20, 2019). Venezuela has far more time to prepare any new arguments here, with eight weeks to go before oral argument rather than just the four weeks available to Venezuela in 2019.

To the extent the Court might entertain providing any relief as a matter of comity, Venezuela should at most be permitted to raise any new arguments in a non-duplicative brief, limited to 25 pages, and filed no later than July 10, which would provide Venezuela's counsel the 30 days it claims to need to assess this case and also allow Crystallex and the other appellees time to respond with no impact whatsoever on the August 10 argument date. Although 30 days is already more time than necessary given the quality of Venezuela's prior counsel, the Republic's familiarity with the case, and the continued presence of counsel for CITGO and PDVH, Crystallex submits that, if any accommodations are afforded to Venezuela, that is the most that should be allowed.

**CONCLUSION**

The creditors will be prepared to deliver oral argument on August 10. There is no legitimate reason why the Venezuela Parties should not be, too. For the foregoing reasons, Crystallex respectfully submits that this Court should deny Venezuela's motion for a continuance of the August 10 argument in these appeals.

June 15, 2026

Robert L. Weigel
Rahim Moloo
Jason W. Myatt
Zachary Kady
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
(212) 351-4000

Raymond J. DiCamillo
Jeffrey L. Moyer
Travis S. Hunter
RICHARDS, LAYTON & FINGER, P.A.
1 Rodney Square 920 N. King St.
Wilmington, DE 19801
(302) 651-7700

Respectfully submitted,

*/s/ Miguel A. Estrada*
Miguel A. Estrada
  *Counsel of Record*
Lucas C. Townsend
Brian C. McCarty
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, DC 20036
(202) 955-8500

Patrick J. Fuster
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
(213) 229-7000

*Counsel for Plaintiff-Appellee Crystallex International Corporation*

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,961 words, excluding the parts of the brief exempted by Rule 32(f).

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point New Century Schoolbook font.

3.      The electronic copy of this document has been scanned with version 7.29.20108.0 of CrowdStrike Falcon Sensor and is free of viruses.

June 15, 2026

*/s/ Miguel A. Estrada*
Miguel A. Estrada
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
(202) 955-8500

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June 2026, the foregoing document was served on all parties or their counsel of record via the Court's CM/ECF system.

June 15, 2026

*/s/ Miguel A. Estrada*
Miguel A. Estrada
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
(202) 955-8500